ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 17 2018
12:47 pm
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CORY WILSON and all others similarly situated under 29 U.S.C. § 216(b), § § § Plaintiff, § § v. § § BA-KER TANK HEAD COMPANY, INC., § § Defendant. § | CIVIL ACTION NO. 4:18-CV-588-A |

## JOINT MOTION TO APPROVE SETTLEMENT
## OF PLAINTIFF'S CLAIMS

Plaintiff Cory Wilson ("Plaintiff") and Defendant Ba-ker Tank Head Company, Inc. ("Defendant"), through undersigned counsel, present this Joint Motion to Approve Settlement of Plaintiff's Claims and respectfully request that that the Court approve this settlement. In support thereof, Plaintiff and Defendant state as follow.

1.  Plaintiff was formerly employed as an Inside Sales Representative for Defendant. This case concerns Plaintiff's claims of unpaid overtime wages in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"). Plaintiff is the only party-plaintiff in this case. Plaintiff has not filed a motion seeking conditional certification of this action and no other persons have consented or "opted-in" as party-plaintiffs to this action.

2.  The parties entered into a settlement agreement to resolve all claims between them, including but not limited to a release of all claims asserted by Plaintiff in this case.

3.  The parties, through their counsel, represent that the settlement they have reached in this matter is a "fair and reasonable resolution" of their dispute. The Settlement Agreement is attached to this Motion as Exhibit 1.

1

4. While the parties have not engaged in any substantive discovery, Plaintiff has been able to determine what he believes is a fair and accurate assessment of his damage claim. There are three (3) primary issues in this case, which were contested by both parties: 1) whether Defendant properly classified Plaintiff as exempt from overtime; 2) if not exempt, the number of hours Plaintiff worked in each of the workweeks at issue; and 3) for each hour Plaintiff worked over forty (40) in each workweek, what is the proper calculation of overtime wages. The parties have discussed their positions on each of the foregoing issues, and while they cannot agree, the parties were able to set aside their differences and to a fair and equitable compromise of this action. Through both the parties' independent investigation and through the substantive settlement negotiations that took place during the in-person settlement conference, the parties advise the Court that they have had the opportunity to analyze their respective claims and defenses in reaching this settlement.

5. This case is in its early stages. Absent settlement, this case will require both parties to incur substantial expense to prosecute and defend their claims and defenses. It is believed that both parties will have to conduct multiple depositions as part of the discovery phase of this litigation.

6. At all times throughout the settlement negotiation process, Plaintiff and Defendant were represented by counsel. Counsel for Plaintiff and counsel for Defendant have previously represented clients in numerous labor and employment-related disputes and are familiar with the rights and obligations under the FLSA. Additionally, lead counsel for Defendant is board certified in labor and employment law by the Texas Board of Legal Specialization. Given the relief achieved, the Parties submit that the settlement reached is both

fair and reasonable. The settlement amount represents a compromise of claims reached through arms' length negotiations between the parties.

7.   While Plaintiff is confident in his case, Defendant has denied allegations and claims set forth in the Complaint and maintain that Plaintiff was properly paid all wages owed to him. Defendant further pleaded affirmative defenses which it claims would bar, in whole or in part, any recovery by Plaintiff.

8.   The parties agree that both legal and factual *bona fide* disputes exist with regard to Plaintiff's claims for unpaid wages and unpaid overtime wages. *See e.g., Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253–57 (5th Cir. 2012). After consideration of the representations made by the parties, the Court should approve the settlement of this matter. *Id.*

WHEREFORE, Plaintiff and Defendant request that this Court approve the Settlement Agreement attached here as Exhibit 1, and upon approving the settlement agreement, the parties jointly request the Court to dismiss this case with prejudice with each party to bear its own attorneys' fees and costs.

Respectfully submitted:

FOR PLAINTIFF:

/s/ Drew Herrmann

Drew N. Herrmann
State Bar No. 24086523
drew@hermannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry Street, Ste. 2365
Fort Worth, Texas 76102
817-479-9229
817-887-1878 Fax

FOR DEFENDANT:

/s/ Jay Rutherford

Jay K. Rutherford (Lead Counsel)
State Bar No. 17451200
jrutherford@jw.com
JACKSON WALKER LLP
777 Main Street, Ste. 2100
Fort Worth, Texas 76102
817 334-7246
817 870-5146 Fax

—and—

Sara K. Harris
State Bar No. 24077389
sharris@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
214-953-6074

## CERTIFICATE OF SERVICE

This is to certify that on the 17 day of September, the foregoing document was served upon all counsel of record via email transmission:

_/s/ Drew Herrmann_
One of Counsel

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CORY WILSON and all others similarly situated under 29 U.S.C. § 216(b), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-00588-A |
| BA-KER TANK HEAD COMPANY, INC., | § § § | |
| Defendant. | § § | |

## COMPROMISE AND SETTLEMENT
## AGREEMENT AND RELEASE

This Compromise and Settlement Agreement and Release ("Agreement") is entered into by and between **CORY WILSON** ("Plaintiff" or "Wilson") and **Ba-Ker Tank Head Company, Inc.**, ("Ba-Ker" or the "Company") (collectively referred to as the "parties") and shall be made effective on the date Wilson signs and returns this Agreement (the "Effective Date").

WHEREAS, Wilson has filed the above captioned lawsuit (the "Lawsuit") alleging that Ba-Ker violated the Fair Labor Standards Act by failing to pay an overtime premium when allegedly required to do so; and

WHEREAS, Ba-Ker has denied Plaintiff's allegations based upon the bona fide executive overtime pay exemption, but wishes to settle this disputed matter to avoid the expense, diversion and annoyance of litigation; and

WHEREAS, the parties desire to compromise, settle and forever resolve and dispose of their bona fide dispute over the amounts allegedly owed by Ba-Ker to Plaintiff under the FLSA, if any, as well as any other outstanding controversies and claims between the parties, as provided herein;

NOW, THEREFORE, in consideration of the foregoing, and the promises and other consideration contained hereinafter, the sufficiency and adequacy of which are stipulated and conceded, the parties agree as follows:

1.  **Plaintiff's Release of Claims**

    (a)  **Plaintiff's Release of Claims.** In exchange for, and subject to receipt of, the consideration set forth in Section 2 (below) and the mutual promises contained in this Agreement, Plaintiff, on behalf of himself and his spouse, heirs, executors, trustees, administrators,

representatives, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, and relinquishes Ba-Ker, together with its parent companies, affiliates, predecessors, successors, assigns and benefit plans, and all parties that may be alleged to be acting in concert with any of the foregoing, and their respective present and former officers, directors, employees (in their official or individual capacities), attorneys and insurers (each of whom shall be referred to individually as a "Released Party" and collectively as the "Released Parties"), jointly and/or severally, from any and all claims, obligations, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether known or unknown, suspected or unsuspected, asserted or unasserted, as a result of any and all alleged acts, omissions, or events, arising in whole or in part prior to Plaintiff's execution of this Agreement, including, without limitation, the following:

- any claim for lost, unpaid, or unequal wages, overtime premium pay, salary, bonuses, or benefits, including, without limitation, any claim under the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Consolidated Omnibus and Budget Reconciliation Act, the Equal Pay Act, or any other local, state, or federal statute concerning wages, salary, or benefits;

- any action arising under or relating to any federal or state statute or local ordinance, as amended, such as Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.), **the Age Discrimination in Employment Act ("ADEA")**, the Americans with Disabilities Act (and as amended through the Americans With Disabilities Act Amendments Act of 2008), the Vocational Rehabilitation Act, Section 1981 of Title 42, United States Code, the Texas Commission on Human Rights Act, the Texas Labor Code, including violation of Section 451 of the Texas Labor Code, violation of the National Labor Relations Act, violations of the Older Workers Benefit Protection Act of 1990, or any other local, state or federal anti-discrimination, anti-retaliation, or civil rights statute, as amended;

- any action arising out of any law providing for leave or absence from employment, including, without limitation, the Family and Medical Leave Act;

- any action under common law or in equity, including, but not limited to, claims based on alleged breach of an obligation or duty arising in contract or tort, such as breach of contract, fraud, fraudulent inducement, quantum meruit, invasion of privacy, wrongful discharge, defamation, infliction of emotional distress, assault, battery, malicious prosecution, false imprisonment, harassment, negligence, gross negligence, estoppel, conspiracy, and strict liability;

- any alleged unlawful act;

- or any other claim regardless of the forum in which it might be brought, if any, which Plaintiff has, might have, or might claim to have against any of the Released Parties, for any and all injuries, harm, damages, wages, benefits, salary, reimbursements, penalties, costs, losses, expenses, attorneys' fees, and/or liability

or other detriment, if any, whatsoever and whenever incurred, suffered, or claimed by Plaintiff.

i. It is expressly agreed and understood by Plaintiff that this release includes, but is not limited to, any and all claims, actions, demands, and causes of action, if any, arising from or in any way connected with any and all actions, statements, communications, negotiations, dealings, compensation, employment relationships, and separations of employment between Plaintiff and the Released Parties, as a result of any and all alleged acts, omissions, or events, arising in whole or in part prior to Plaintiff's execution of this Agreement.

ii. Plaintiff acknowledges and agrees that, in signing this Agreement, he has received, or through this Agreement will receive, all wages and benefits due, and any liquidated damages or interest and penalties owed to him arising out of his employment with the Released Parties.

(b) The parties acknowledge and agree that the release of claims contained in this Section 1 shall not extend to actions or claims for breach or enforcement of this Agreement.

2. **Consideration.**

(a) **In General.** The Company promises that, within twenty-one (21) days after Plaintiff signs this Agreement, and provided Plaintiff is otherwise in compliance with this Agreement and has not revoked this Agreement, the Company will tender to Plaintiff's counsel the Settlement Amount set forth in Section 2(d) below. Plaintiff acknowledges that the Company is not otherwise required to pay, provide, or tender such amounts to Plaintiff.

(b) **Company's Release of Claims.** In addition to the consideration to be paid by the Company, as set forth in this agreement, the Company also fully, finally, completely, unconditionally, and irrevocably releases, waives, discharges, and gives up, to the full extent permitted by law, any and all actions, charges, controversies, demands, causes of action, suits, rights, and/or claims the Company had or may have against Plaintiff, whether known or unknown.

(c) **Sufficiency of Consideration.** Plaintiff acknowledges and agrees that the sums to be provided under the terms of this Agreement and the Company's release of claims are in addition to any consideration to which Plaintiff is otherwise entitled. Plaintiff further acknowledges and agrees that the Company's release, payment and forbearance provided are good and valuable consideration for the release and other covenants Plaintiff is making in this Agreement.

(d) **Payment.** The Company will pay the total sum of NINETEEN THOUSAND ONE HUNDRED TWELVE AND 14/100 DOLLARS ($19,112.14) (the "Settlement Amount") to Plaintiff. These payments are inclusive of all claims, including Plaintiff's attorney's fees and expenses. The Company will issue the Settlement Amount in three (3) separate checks as follows:

(i) One check made payable to Cory Wilson in the gross amount of FOUR THOUSAND EIGHT HUNDRED SIX AND 07/100s DOLLARS ($4,806.07), made payable to Cory Wilson, less all required local, state and federal tax

                deductions, which represents consideration for any overtime premium pay and any wage-related liability claim allegedly owed. The Company will report this payment on IRS Form W-2; and

(ii)    One check made payable to Cory Wilson in the gross amount of FOUR THOUSAND EIGHT HUNDRED SIX AND 07/100s DOLLARS ($4,806.07), made payable to Cory Wilson for liquidated damages provided for under the FLSA. The Company will not withhold any taxes from this amount and will report this payment on IRS Form 1099;

(iii)    One check made payable to Herrmann Law, PLLC, in the amount of NINE THOUSAND FIVE HUNDRED AND 00/100s DOLLARS ($9,500.00) representing Plaintiff's claim for attorney's fees and costs. The Company will not withhold any taxes from this amount and will report this payment on IRS Form 1099.

3.    **Promises**.

    (a)    **Pursuit of Released Claims**. Except as specifically identified below, Plaintiff has not filed or caused to be filed any lawsuit, appeal, complaint, or charge with respect to any claim waived by Plaintiff in Section 1(a), and Plaintiff promises never to file or prosecute a lawsuit, appeal, charge, or complaint based on any claim waived by Plaintiff in Section 1(a). Plaintiff promises never to seek any damages, remedies, or other relief for Plaintiff personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such Claim. Plaintiff promises to request any government agency or other body assuming jurisdiction of any such lawsuit, appeal, complaint, or charge to withdraw from the matter or dismiss the matter with prejudice, including *Cory Wilson, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b) vs. Ba-Ker Tank Head Company, Inc.;* Civil Action No. 4:18-CV-00588-A, filed in the United States District Court for the Northern District of Texas, Fort Worth Division. However, nothing in this release precludes Plaintiff from filing a charge of discrimination with any state or federal administrative agency alleging the violation of anti-discrimination laws, or making other disclosures that are protected under whistleblower provisions of federal, state, or local laws, or from cooperating with or providing truthful and accurate information to a governmental agency or entity in response to legal process or an inquiry. While nothing in this Agreement shall be construed to affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "Commission"), the National Labor Relations Board (the "NLRB"), or any other federal, state or local agency with similar responsibilities to enforce any laws pertaining to employment discrimination or retaliation, union activity or participation, or Plaintiff's participation in any such investigation or charge, Plaintiff waives the right to any benefits or recovery arising out of any such proceeding.

    (b)    **Taxes**. Save and except the standard wage withholding referenced above at 2(d)(i), the parties hereto further agree that any other federal, state, or local taxes owed by Plaintiff, if any, which exist as a result of Plaintiff's receipt of the Settlement Amount, any part or portion, and/or apportionment thereof, shall be the sole and exclusive responsibility of Plaintiff and his heirs, executors, successors, and assigns. In this regard, the Company shall issue Plaintiff an IRS Form W-2 for the payment referenced in Paragraph 2(d)(i) and a Form 1099-MISC for the payment

referenced in Paragraph 2(d)(ii) and shall issue Plaintiff's counsel of record a Form 1099 for the payment referenced in Paragraph 2(d)(iii). Finally, save and except the standard wage withholding referenced above at 2(d)(i), the parties further agree that Plaintiff shall indemnify the Company for any claim related to the taxes owed, if any, as a result of the Company's payment of the Settlement Amount under this Agreement.

(c) **Ownership of Claims.** Plaintiff has not assigned or transferred any claim Plaintiff is releasing in Section 1(a), nor has Plaintiff purported to do so. Save and except the lien assigned to his attorney of record in this matter, Plaintiff represents and warrants that there are no tax liens, child support orders, workers compensation liens, judgments, divorce decrees, or any other lien or claim by any third party that may apply to the amounts referenced in paragraph 2(d), and Plaintiff will defend, indemnify and hold the Released Parties harmless from any fees, costs, expenses, judgments, penalties, or other liabilities arising out of or relating to such liens or orders.

(d) **No Admission of Liability.** Plaintiff agrees to not assert that this Agreement is an admission of guilt or wrongdoing by Ba-Ker or any party released in Section 1(a) and Plaintiff acknowledges that the Released Parties deny that they have engaged in wrongdoing of any kind or nature.

(e) **Implementation.** Plaintiff agrees to sign any documents and do anything else that is necessary in the future to implement the provisions of this Agreement including, but not limited to, Plaintiff's release of claims in Section 1(a).

(f) **No Future Employment.** Plaintiff acknowledges and agrees that by signing this Agreement, he is voluntarily giving up any right he may have, if any, to employment with Ba-Ker or any Released Party. Plaintiff further agrees not to knowingly apply or seek employment with Ba-Ker or any Released Party at any time.

(g) **Attorneys' Fees Released.** Plaintiff has been represented by Drew Herrmann of Herrmann Law, PLLC (the "Plaintiff's Attorney"). Plaintiff represents that all claims for attorneys' fees, costs, or other recoverable expenses that Plaintiff's Attorney (or any firm associated with the representation of Plaintiff) may hold against any of the Released Parties as Plaintiff's Attorney in this matter are satisfied upon the Company's payment of the Settlement Amount.

(h) **Enforceability of Settlement.** The parties acknowledge and agree that this Agreement is entered into to settle a bona fide dispute concerning allegedly unpaid wages, unpaid overtime premium pay, equitable and statutory damages, interest, attorney's fees and costs, and other liability under the Fair Labor Standards Act and is meant to be a full and final release, fully enforceable as provided in *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012) and *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005).

(i) **Court Approval.** This Agreement and the obligations of the parties described herein are contingent upon the parties filing, and the Court approving, the Joint Motion to Approve Settlement of Plaintiff's Claims.

(j)     **Dismissal of Lawsuit.** In connection with the Joint Motion to Approve Settlement of Plaintiff's Claims as set forth in paragraph 3(i), Plaintiff hereby covenants and promises that he will file the appropriate documents to cause the pending Lawsuit to be dismissed with prejudice.

4.     **Review.** Plaintiff acknowledges that: (a) Plaintiff considered this Agreement before signing it; (b) Plaintiff carefully read this Agreement; (c) Plaintiff fully understands it; and (d) Plaintiff is entering into it voluntarily. Plaintiff acknowledges that the Company encouraged Plaintiff to discuss this Agreement with an attorney (at his own expense) before signing it, and that Plaintiff sought such advice to the extent Plaintiff deemed appropriate. Plaintiff further agrees that the attorneys (to include Jay K. Rutherford, Sara Harris and all other attorneys with Jackson Walker LLP) have not made any representations to him and have not provided any advice or counsel to him with respect to this Agreement. Plaintiff agrees that Plaintiff's Attorneys at Herrmann Law, PLLC have been his sole and exclusive attorneys. The parties agree that this document was reviewed by counsel for Plaintiff, and to the extent of any ambiguity in this Agreement, the ambiguity will not be construed against any party as the drafter of the Agreement.

5.     **Miscellaneous.**

(a)     **Entire Agreement.** This is the entire agreement between the parties. This Agreement may not be modified or canceled in any manner except by a writing signed by both Plaintiff and an authorized Company official. Plaintiff acknowledges that the Company has made no representations or promises to Plaintiff, other than those in this Agreement. If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

(b)     **Successors.** This Agreement binds Plaintiff's heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

(c)     **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Plaintiff or any Released Party. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement. This Agreement shall be governed by the statutes and common law of the State of Texas. All acts contemplated by this Agreement shall be performed in Tarrant County, Texas. Pursuant to this Agreement, venue is mandatory in Tarrant County, Texas and the Parties hereby consent to jurisdiction in Tarrant County, Texas.

(d)     **Severability.** Should any provision of this Agreement be declared wholly or partially illegal, invalid, or unenforceable, the offending provision shall be stricken and all remaining provisions shall remain in full force and effect and shall be unaffected by such declaration.

(e)     **Multiple Originals.** It is understood and agreed that this Agreement may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes.

(f) **No Waiver.** No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all parties to this Agreement. The waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

6. **Full Understanding of Agreement.**

   (a) By signing below, Wilson understands and agrees that he:

   i. HAS HAD A SUFFICIENT AND REASONABLE PERIOD OF TIME TO CONSULT WITH HIS ATTORNEY AND TO CONSIDER THIS AGREEMENT BEFORE SIGNING IT;

   ii. HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT;

   iii. HAS CONSULTED WITH HIS OWN ATTORNEY BEFORE SIGNING THIS AGREEMENT;

   iv. KNOWINGLY AND VOLUNTARILY AGREES TO ALL OF THE TERMS SET FORTH IN THIS AGREEMENT;

   v. KNOWINGLY AND VOLUNTARILY INTENDS TO BE LEGALLY BOUND BY THE SAME;

   vi. THROUGH THIS AGREEMENT, RELEASES BA-KER, ALONG WITH THE OTHER RELEASED PARTIES, FROM ANY AND ALL CLAIMS THAT WILSON HAS OR MAY HAVE AGAINST THEM IN EXCHANGE FOR THE CONSIDERATION DESCRIBED HEREIN WHICH WILSON WOULD NOT OTHERWISE RECEIVE;

   vii. WAIVES ALL RIGHTS OR CLAIMS AS PROVIDED HEREIN IN EXCHANGE FOR THE CONSIDERATION RECITED HEREIN; AND

   viii. UNDERSTANDS THAT HE MUST SIGN AND RETURN THIS AGREEMENT TO BA-KER'S COUNSEL BEFORE ANY SETTLEMENT PROCEEDS MAY BE DISBURSED TO HIM.

**PLEASE READ CAREFULLY. THIS RELEASE AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS AGAINST BA-KER ARISING BEFORE THE EXECUTION OF THIS AGREEMENT.**

IN WITNESS WHEREOF, the parties have entered into this Compromise and Settlement Agreement and Release.

{REMAINDER OF PAGE INTENTIONALLY LEFT BLANK}

EXECUTED at Fort Worth, Texas, this 29 day of August 2018.

_____
Cory Wilson



Ba-Ker Tank Head Company, Inc.

By: _____

Name: Austin Baker III

Title: President

|  | ACKNOWLEDGMENT |
|---|---|
| STATE OF TEXAS | § |
|  | § |
| COUNTY OF Tarrant | § |

BEFORE ME, THE UNDERSIGNED, a Notary Public in and for the State of Texas, on this day personally appeared Cory Wilson, known to me to be the person who executed the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed; that he executed same as his free and voluntarily act and deed after having it fully explained to his by his attorney, and after having read it fully, and after realizing the effect thereof to be a full and final release and discharge of all claims, demands, and causes of action against the parties released in the foregoing instrument; and that the same was executed by his without any threat, force, fraud, duress, or representation of any kind by any person whomsoever.

Given under my hand and seal of office this 29 day of August, 2018.

ELON HARRELL SIMIEN
Notary Public, State of Texas
Comm. Expires 04-20-2021
Notary ID 131097301

Notary Public, State of Texas

Elon Simien
Printed Name of Notary

My commission expires:

4-20-21

21404895

9 of 9